UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DIANA RYAN,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-124

District Judge Walter Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 11), the administrative record (docs. 6, 7, 8),[2] and the record as a whole.

**I.**

**A.**     **Procedural History**

Plaintiff filed for SSI on June 11, 2007 (PageID 170-75), alleging disability as a result of a number of alleged impairments including, *inter alia*, an anxiety disorder, depressive disorder, personality disorder, and post-traumatic stress disorder ("PTSD"). PageID 1839.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After initial denial of her application, Plaintiff received a hearing before ALJ Amelia Lombardo on February 12, 2010. PageID 80-101. ALJ Lombardo issued a written decision on April 23, 2010 finding Plaintiff not disabled. PageID 58-70. The Appeals Council denied Plaintiff's request for a review on April 8, 2011. PageID 76-79. After appealing to this Court, Judge Black reversed ALJ Lombardo's non-disability finding and remanded the case for further proceedings. *Ryan v. Comm'r of Soc. Sec.*, No. 3:11-CV-191, 2012 WL 1132762, at *9 (S.D. Ohio Apr. 4, 2012).

On remand, Plaintiff received a second hearing before ALJ Lombardo on August 15, 2013. PageID 878-909. On November 20, 2013, ALJ Lombardo issued a second decision, again finding Plaintiff not disabled. PageID 856-69. Plaintiff did not seek Appeals Council review of ALJ Lombardo's second decision, and instead elected to file a complaint in this Court. *See* 20 C.F.R. § 416.1484(d) (stating that, in a case remanded by a federal court, "[i]f no exceptions are filed and the Appeals Council does not assume jurisdiction of [the] case, the decision of the [ALJ] becomes the final decision of the Commissioner after remand"); *see also Ryan v. Comm'r of Soc. Sec.*, No. 3:14-cv-93, 2015 WL 4550546, at *2 (S.D. Ohio Mar. 12, 2015). On appeal, undersigned reversed ALJ Lombardo's second non-disability decision and again remanded the case to the Commissioner for further proceedings. *Id* at 7.

On remand for the second time, Plaintiff received a third hearing on January 12, 2016, this time before ALJ Benjamin Chaykin. PageID 1937. On February 3, 2016, ALJ Chaykin issued a written decision finding Plaintiff not disabled. PageID 1830-45. Specifically, ALJ Chaykin found at Step 5 that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of sedentary work,[3] "there are jobs in that exist in significant numbers

---

[3] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 416.967. Sedentary work, "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying article[,]" as well as "sitting, a certain amount of walking and standing[.]" 20 C.F.R. § 416.967(a).

2

in the national economy that [Plaintiff] can perform[.]" PageID 1835-44. Plaintiff now timely appeals ALJ Chaykin's decision. *See* 20 C.F.R. § 416.1484(c) and (d).

### B. Evidence of Record

The evidence of record is adequately summarized in ALJ Chaykin's decision (PageID 1835-1843), Plaintiff's Statement of Errors (doc. 10), and the Commissioner's memorandum in opposition (doc. 11). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

### II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.*, 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its

own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

      **B.**     **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In her Statement of Errors, Plaintiff argues that ALJ Chaykin (hereinafter referred to at "the ALJ") erred in failing to properly weigh the opinion of Plaintiff's treating psychiatrist Wayne Anable, M.D. PageID 2656.

Until March 27, 2017, "the Commissioner's regulations [which apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 416.927(c).[4]

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 416.927. *Id.*

5

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 416.927(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

In this case, Dr. Anable first saw Plaintiff for "major depression" on February 12, 2011, and continued to treat her thereafter. PageID 1815-16. On October 23, 2012, Dr. Anable concluded that Plaintiff is moderately limited in her ability to maintain concentration, persistence or pace resulting in an inability to complete tasks timely; and is markedly limited with regard to social functioning.[5] PageID 1823-24. Dr. Anable opined that Plaintiff could not respond appropriately to supervision, co-workers and customary work pressures; withstand the pressure of meeting normal standards of productivity and accuracy without significant risk of physical or psychological decompensation or worsening of her mental impairments; sustain attention and concentration to meet normal standards of work productivity and accuracy; understand, remember and carry out simple work instructions without requiring close supervision; behave in

---

[5] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), "marked" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

an emotionally stable manner; relate predictably in social situations; maintain concentration and attention for extended periods, *i.e.*, 2 hour segments; perform at a consistent pace without unreasonable numbers and length of rest periods; and respond appropriately to changes in the work setting. PageID 1815-24.

      The ALJ acknowledged that Dr. Anable is Plaintiff's treating psychiatrist and weighed his opinion favorably, giving it some weight. PageID 1841-42. The ALJ agreed with Dr. Anable that Plaintiff is markedly limited in social functioning and also agreed that Plaintiff is moderately limited in her ability to maintain concentration, persistence or pace.[6] PageID 1835, 1841. The ALJ, however, did not limit Plaintiff's ability to maintain concentration and attention to less than two hour segments as opined by Dr. Anable. *See* PageID 1821; *see also Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516-17 (6th Cir. 2010) (finding that a limitation to simple, routine, and repetitive tasks does not sufficiently account for limitations in concentration, persistence and pace where a medical source the ALJ weighed favorably concluded that plaintiff's ability to maintain attention and concentration was limited to two hour segments).

      The Court finds error with regard to the ALJ's failure to explain the omission of such limitation from Plaintiff's RFC. An ALJ must meaningfully explain why certain limitations are not included in the RFC determination, especially when such limitations are set forth in opinions the ALJ weighs favorably. *O'Ryan v. Comm'r of Soc. Sec.*, No. 3:14-CV-125, 2015 WL 6889607, at *4 (S.D. Ohio July 30, 2015), *report and recommendation adopted*, No. 3:14-CV-125, 2015 WL 4934190 (S.D. Ohio Aug. 18, 2015); *Howard v. Comm'r of Soc. Sec.*, No. 3:14-CV-364, 2015 WL 8213614, at *4 (S.D. Ohio Dec. 9, 2015), *report and recommendation adopted*, No. 3:14-CV-364, 2016 WL 99114 (S.D. Ohio Jan. 7, 2016); *see also* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) (stating that, "[i]f the RFC assessment conflicts with an opinion

---

[6] Plaintiff's family physician, L. Theriot, M.D., found Plaintiff "markedly limited" in her "ability to maintain attention and concentration for extended periods[,]" as did examining psychiatrist Jamie McLean, M.D. PageID 457.

from a medical source, the adjudicator must explain why the opinion was not adopted"); *Hann v. Colvin*, No. 12-cv-06234-JCS, 2014 WL 1382063, at *22 (N.D. Cal. Mar. 28, 2014) (finding that "where an ALJ has already found a physician's opinions to be credible and concrete, an ALJ can err by omitting aspects of that physician's opinions from the RFC"); *Stoddard v. Astrue*, No. 3:09-cv-91, 2010 WL 3723924, at *1 (E.D. Tenn. Feb. 19, 2010); *Washington v. Colvin*, No. 13–1147–SAC, 2014 WL 4145547, at *3 (D. Kan. Aug. 19, 2014) (finding the ALJ's "failure to either include [certain] limitations [as opined by a medical source], or explain why they were not included in the RFC findings, [to be] especially problematic in light of the fact that the ALJ accorded "substantial" weight to [the medical source's] opinions").

In addition, given the limited analysis provided by the ALJ in affording Dr. Anable's opinion "some weight," it is not clear to the undersigned "what portion of [Dr. Anable's] opinion was credited, and which portion was discredited." *Long v. Comm'r of Soc. Sec.*, No. 3:16-CV-154, 2017 WL 2416268, at *4 (S.D. Ohio June 5, 2017) (citing *Sanders v. Comm'r of Soc. Sec.*, No. 1:13-CV-481, 2014 WL 3899288, at *13 (S.D. Ohio Aug. 11, 2014) (finding error where the ALJ gave some weight to an opinion "without explaining which portion ... he was crediting"); *Baskin v. Colvin*, No. 3:11-0948, 2013 WL 1149597, at *17 (M.D. Tenn. Mar. 19, 2013), *report and recommendation adopted*, No. 3:11-CV-0948, 2013 WL 1405962, at * 1 (M.D. Tenn. Apr. 8, 2013) (finding error where the ALJ "did not explain which portions of their opinions he credited and which portions he discounted").

All of the foregoing is exacerbated by the ALJ's failure to mention the concept of "controlling weight" when weighing Dr. Anable's opinion, his failure to specifically decline to give Dr. Anable's opinion controlling weight, and his failure to analyze the required controlling weight factors in weighing Dr. Anable's opinion. PageID 182; *see also* 20 C.F.R. § 416.927(c)(2) (stating that "[i]f we find that a treating source's medical opinion . . . is well-

supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight"); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013) (finding error where the ALJ's "analysis does not explain to which aspect of the controlling-weight test [a] critique is relevant"); *Martin v. Colvin*, 207 F. Supp. 3d 782, 789 (S.D. Ohio 2016). This failure is error because the lack of explanation regarding the "controlling weight [analysis] hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation." *Gayheart,* 710 F.3d at 377; *Blakley*, 581 F.3d at 409.

      Here, the ALJ's specific critiques of Dr. Anable's opinion focus on the "supportability" and "consistency" factors set forth in 20 C.F.R. §§ 416.927(c)(3) and (4), which are factors applied only after the ALJ declines to "give the treating source's opinion controlling weight[.]" 20 C.F.R. § 416.927(c)(2); *see also Gayheart*, 710 F.3d at 376 (noting that certain factors are "properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight"). As a result of the foregoing, the Court cannot determine whether the ALJ engaged in the first step – *i.e.,* the "controlling weight" step -- of the required "two-step inquiry" when analyzing Dr. Anable's opinion. *See Gayheart*, 710 F.3d at 376-78; *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (stating that, even where "substantial evidence otherwise supports [a] decision of the Commissioner[,]" reversal may, nevertheless, be warranted if an ALJ fails "to follow its own procedural regulation, and the regulation was intended to protect applicants"). Such failure amounts to reversible error. *See Aytch v. Comm'r of Soc. Sec.*, No. 3:13-cv-135, 2014 WL 4080075, at *5 (S.D. Ohio Aug. 19, 2014) (citation omitted).

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits.  The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991).  Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."  *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and remand for further proceedings is proper.

**V.**

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case be **CLOSED**.


Date:   July 24, 2017                     s/ Michael J. Newman
                                          Michael J. Newman
                                          United States Magistrate Judge

10

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).  Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).